UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MIKE JELIC,                        )   CASE NO. 1:05 CV 1264
                                   )
         Plaintiff,                )   JUDGE KATHLEEN M. O'MALLEY
                                   )
    v.                             )
                                   )   MEMORANDUM OF OPINION
THE WALT DISNEY CORP.,             )   AND ORDER
                                   )
         Defendant.                )


On May 12, 2005, plaintiff <u>pro se</u> Mike Jelic filed this <u>in forma pauperis</u> action against The Walt Disney Corp.  The complaint alleges that Jelic sought, via an email test, to become a contestant on the television program "Who Wants to Be a Millionaire."  It is further alleged that Jelic scored better than others, but was not chosen to be on the show.  He asserts that the rejection violated his rights under 42 U.S.C. § 1983. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks

an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989);

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

In Parratt v. Taylor, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim under 42 U.S.C. § 1983, as there are no facts set forth to support either element of such a claim.

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e).

---

[1]    A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  July 22, 2005